UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RAYMOND MCGRAW,           ) | |
| ) | |
| Petitioner,           ) | |
| ) | |
| vs.           ) | Case No. 1:15-cv-01561-TWP-DKL |
| ) | |
| ZATECKY Mr.,           ) | |
| ) | |
| Respondent.           ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

This matter is before the Court on the Petition of Raymond McGraw for a Writ of Habeas Corpus challenging a prison disciplinary proceeding identified as No. ISR 15-04-0090. The Respondent has moved to dismiss the petition and Mr. McGraw has responded. For the reasons explained below, the Motion to Dismiss [dkt 9] is **granted.**

**I. Background**

Mr. McGraw challenges a prison disciplinary conviction for a Class A 113 offense of trafficking. On April 30, 2015, Mr. McGraw pled guilty during a disciplinary hearing and sanctions were imposed, including a written reprimand, 6 months of disciplinary segregation, a 180-day deprivation of earned credit time, and the demotion from credit class I to class II.

The IDOC Adult Disciplinary Procedures manual mandates the following:

A. An offender who desires to appeal a disciplinary disposition shall complete State Form 39587, DISCIPLINARY HEARING APPEAL, within fifteen (15) days from the date of the disciplinary hearing or receipt of the REPORT OF DISCIPLINARY HEARING.

. . .

B. Offenders who have entered a guilty plea may appeal only the sanction(s) imposed.

IDOC Disciplinary Code for Adult Offenders, Section X, available at www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders_2_7-1-2012.pdf.

The State of Indiana brought criminal charges against Mr. McGraw on June 5, 2015, in Madison Circuit Court 3, case number 48C03-1506-F3-000864. In this criminal action, Mr. McGraw was charged with possession of cocaine, possession of a narcotic drug, and possession of marijuana. Mr. McGraw was served with a warrant on July 6, 2015. He asserts that Duncan I.A. had the state police file the criminal charges for the incidents that he had already been convicted of administratively. [dkt. 11 at 3].

On July 21, 2015, Mr. McGraw filed a disciplinary appeal challenging the conduct report in ISR 15-04-0090. His disciplinary appeal was denied as untimely by the facility head.

## II. Discussion

In this circuit, the exhaustion of administrative remedies is a condition precedent to suit in a habeas corpus proceeding. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) ("A common-law exhaustion rule applies to § 2241 actions even though § 1997e(a) does not"). Thus a prisoner challenging a disciplinary action must take all available appeals, including administrative appeals, and must have raised in those appeals any issue on which the prisoner seeks federal review. *Markham v. Clark*, 978 F.2d 993, 995 (7th Cir. 1992); s*ee, e.g.*, *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002). Only the issues raised in a timely appeal to the Facility Head and then to the Indiana Department of Correction Appeals Review Officer may be raised in a subsequent petition for writ of habeas Corpus. *See* 28 U.S.C. § 2254(b)(1)(A).

The respondent argues that because Mr. McGraw has failed to timely exhaust his available administrative remedies, this habeas action must be dismissed. In response, Mr. McGraw argues that although he pled guilty on April 30, 2015, and did not appeal until July 21, 2015 (well outside

the 15 day period to file an appeal), that his disciplinary hearing appeal should be considered timely. Mr. McGraw's argument is based on the theory that the criminal charges brought against him by the State of Indiana in case number 48C03-1506-F3-000864 reset his time to appeal the disciplinary proceeding identified as No. ISR 15-04-0090. Mr. McGraw argues that his 15 day time period to appeal should begin on July 6, 2015, when he was served with a warrant for his criminal case.

Unfortunately for Mr. McGraw, he is mistaken. The disciplinary proceeding and state court criminal case are separate and distinct from each other. In addition, while the double jeopardy clause, applicable to the states by the Fourteenth Amendment, protects against a second prosecution for the same offense and multiple punishments for the same offense, its scope is limited to criminal prosecutions. *Breed v. Jones,* 421 U.S. 519 (1975). Prison discipline does not constitute "prosecution" for double jeopardy purposes. *Meeks v. McBride,* 81 F.3d 717, 722 (7th Cir.1996) (holding that an acquittal in an earlier prison disciplinary hearing did not bar a subsequent hearing to consider the very same charge); *Garrity v. Fiedler,* 41 F.3d 1150, 1152–53 (7th Cir.1994) (holding that prison disciplinary proceedings do not bar a subsequent criminal prosecution for the same offense).

Accordingly, any appeal of the disciplinary proceeding was due no later than May 15, 2015. Mr. McGraw did not file a timely appeal of his disciplinary action. Thus he failed to exhaust the administrative appeals process and no relief can be given pursuant to 28 U.S.C. § 2254.

### III. Conclusion

For the foregoing reasons, the respondent's motion to dismiss [dkt 9] is **granted** and Mr. McGraw's petition for a writ of habeas corpus is dismissed without prejudice. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 7/26/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

RAYMOND MCGRAW
883037
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 West 850 South
BUNKER HILL, IN 46914